judge Robertson
delivered the opinion of the Court.
Oar the 11th of December, 1815; Geo. W. Bruce, sold to H. and N. Halbert, his interest as a lessee of the Sandy salt works, and all the articles of property, employed by him, in conducting the salt making business, such as kettles, oxen, pumps, pipes, &c. &c. and agreed to deliver possession on the 25th of the same month. The articles of property were to be valued, and the Halberts covenanted to deliver to Bruce, at the termination of the lease, similar articles, of the same aggregate value.
On the 29th of March, 1816, the Halberts executed two notes to Bruce, for the value fixed on these articles. One note was for $500, the other for $400, each payable in kettles, wagons, oxen, &c.
The note for $400, was payable, on or before the 25th December, 1819.
In August, 1816, the Halberts gave a written no* tice to Bruce, that they would, on the 25th December following, surrenderto him the lease,and all theprop-erty which they had received from him, assigning as a reason for this proceeding, that he had not fully complied with all his covenants. Accordingly they proceeded to have the property valued, stating to the valuers, that they did not mean to give it up, if Bruce should attend to receive it. He had authorized General Ward to attend, and receive the property for him, •and to levy a fieri facias, on it, which was about to issue against him, (Bruce) fora large amount in favor of Ward, as administrator of Coons. Ward told one of the Halberts, that he had authority, and would attend on the day designated in the notice, to receive the property for Bruce. But Halbert informed him, that the property would not be surrendered, and therefore, neither Ward nor Bruce attended.
"Ward however, according to Bruce’s request, directed his execution to be levied on this property. It was levied on some articles which we suppose were *328 a part of those, which had been received from Bruce» The Halberts asserted a right to the property levied on, and at their instance, a jury was empannelled, to try the right of property. The jury found, that it was subject to the execution, and accordingly, it was sold. The aggregate proceeds of the sale, were less than $390, and it was proved, that the property sold for its real value. Another execution issued for the balance, after crediting the amount of the sale, and was levied on kettles, in the possession of aman named Montgomery. Whether these were some of those delivered by Bruce, to the Halberts does not appear. Montgomery claimed them, and gave a delivery bond for them. Failing to deliver them, a judgment was obtained against him, for their value, about $300.
In a suit, brought on the note for $500, the foregoing facts were relied on by Halberts in-defence, and upon them, they obtained a verdict and judgment.
Afterwards, this suit was instituted on the note for $400. To this the Halberts plead “covenants performed with leave.”
The jury found a verdict for the defendants, on which the court pronounced judgment against Bruce.
The only questibn presented by the motion for a new trial, and by instructions, and motions for instructions, is, whether the facts justified the verdict. The circuit court thought they did. In this opinion, we cannot concur.
The contract was never rescinded. Thé notes were never cancelled, nor paid off. For (he value of the property sold, at Bruce’s instance, and for his benefit, we perceive no objection to allowing the Hal-berts a credit. This much was paid by them, although not voluntarily done, and they bad, after the sale, assented to it, by pleading and obtaining a credit for it in the suit, on the note for $500. But there is no evidence, that the amounts of both notes were thus paid. The evidence does not shew an actual payment of more than $300. if the property had been sacrificed, Bruce should be charged with its real value; but it appears to have sold for its value. If the amount paid by Montgomery, were charged i& *329 Bruce, still both notes would not be discharged. But it is not shewn, that the property levied on, in Montgomery’s possession, belonged to the Halberts, therefore, Bruce ought not to have been charged with its value. After the succeeding, in barring a suit on the $500 note, surely, the proof in this case, is totally insufficient to shew a payment of the note, for $400, nor is there any ground, for charging, that Bruce put it out of the poweir of Halberts, to comply with their covenant. Nor is it even suggested, that he had done, or omitted to do any thing, which perfected his right of action, on his contract; What proof may be furnished on another trial, we cannot know. But that which is exhibited by this record, is certainly insufficient to ■ sustain the verdict under any issue, that could have been made up.
Crittenden, for plaintiff; Depew, for defendants.
Wherefore, the judgment is reversed, and the cause remanded with instructions, to set aside the verdict, and award a new trial.